## In re SIMMONS' WILL.

*(Supreme Court, General Term, Fifth Department.　October 19, 1889.)*

No opinion.　Case remitted to the surrogate to make findings in accordance with Code Civil Proc. § 2545.

---

## STARK v. SOULE.

*(Supreme Court, General Term, Fifth Department.　October 19, 1889.)*

No opinion.　Judgment affirmed, with costs.

---

## SWIFT v. WHEELER.

*(Supreme Court, General Term, Fifth Department.　October 19, 1889.)*

No opinion.　Judgment and orders appealed from affirmed, with costs.

---

## WELCH v. MILLER.

*(Supreme Court, General Term, Fifth Department.　October 19, 1889.)*

No opinion.　Judgment affirmed, with costs, on the opinion of the referee.

---

## In re WEST SIDE ST. R. CO. OF BUFFALO.

*(Supreme Court, General Term, Fifth Department.　October 19, 1889.)*

No opinion.　So much of petition as prays for an extension of time, etc., granted; nine months' additional time allowed.　So much of the prayer of the petition as asks for the appointment of commissioners denied, without prejudice to an application therefor to any general term held in the eighth judicial district, in compliance with Laws 1884, c. 252, § 4.

---

## FITTS, Respondent, v. BEARDSLEY, Appellant, *et al.*

*(Supreme Court, General Term, Fifth Department.　December 30, 1889.)*

Appeal from special term, Cayuga county.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*John D. Teller*, for appellant.　*Sereno Payne*, for respondent.

BARKER, P. J.　This case is precisely like the case between the same parties just decided, (*ante* 567,) except that this action is prosecuted by the receiver for the benefit of another creditor, the Central National Bank of New York, who recovered a judgment on the 26th day of September, 1879, for the sum of $10,187.40.　The findings of fact, and the conclusions of law thereon, and the form of the judgment entered are substantially the same as in the other action, a personal judgment being entered for the sum due on the judgment in favor of the bank and the costs of the proceedings.　As the sum realized by the appellant out of the assets of Ross, as appears by the record in this case, is greater than the sum recovered after deducting the amount of the recovery in the other action, there is no necessity for considering any questions other than those which were passed upon in the preceding case.　Judgment is modified in accordance with the opinion in the first of these cases, and as modified affirmed, with costs to the respondent.　All concur.